IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION FILE |
| : | NO. 1:20-CR-452-SDG-CCB |
| JOHN WESLEY WADE, : | |
| : | |
| Defendant. : | |

**DEFENDANT WADE'S MOTION TO SUPPRESS
GPS EVIDENCE AND PHYSICAL EVIDENCE SEIZED IN
UNLAWFUL SEARCH AND BRIEF IN SUPPORT**

Defendant, JOHN WESLEY WADE ("Wade"), respectfully moves this Court to suppress GPS evidence and any object, article, thing or other evidence gained by State and Government law enforcement agents ("Government agents") pursuant to an unauthorized, illegal and warrantless search of a house which Wade occupied as a legal, authorized guest.

1.

On or about October 28, 2020, Wade was a lawful occupant of Apartment #1 at 657 Lawton Street, SW, Atlanta, Georgia (the "Wade Residence"). The Wade Residence was unlawfully searched by Government agents.

2.

Evidence was found in the Wade Residence and obtained as a result of the search of the Wade Residence.  Wade is adversely affected by the violation of his constitutional rights set forth herein because the UNITED STATES OF AMERICA, its prosecutor and its agents (individually and collectively "the Government") intend to use this evidence found in the Wade Residence to prosecute Wade on the charges in the indictment.

3.

Wade has standing to challenge the admissibility of the evidence obtained by this unlawful search and seizure based on the house being his primary residence.

4.

Whether or not Government agents obtained a search warrant, the search of the Wade Residence was conducted without legal authority or probable cause justifying such action.  *Illinois v. Gates*, 462 U.S. 213 (1983); *Terry v. Ohio*, 392 U.S. 1 (1968).

5.

Government agents had no factual basis to believe that the Wade Residence contained any evidence of criminal activity prior to the search.  Wade did not do anything to justify any reasonable suspicion that he possessed evidence of criminal activity. *Gates, supra; Terry, supra.*

6.

No authorized person consented to the search of the Wade Residence. Any acts or words which might arguably be construed as such a consent were unintentional, unlawfully induced or coerced by Government agents and tainted by an unlawful entry into the Wade Residence. *United States v. Mendenhall*, 446 U.S. 544 (1980); *Bumper v. North Carolina*, 391 U.S. 543 (1968); *United States v. Santa,* 236 F.3d 662 (11th Cir. 2000); *United States v. Elsoffer*, 671 F.2d 1294, 1298 (11th Cir. 1982).

7.

The search and seizure were not incident to any lawful arrest. However, even if the search was incident to a lawful arrest, the search was unlawful in that it exceeded the permissible scope of a search incident to arrest. *New York v. Belton*, 453 U.S. 454 (1981); *Chimel v. California*, 395 U.S. 752, 763-68 (1969); *United States v. Lyons*, 706 F.2d 321 (D.C. Cir. 1983); *United States v. Aguiar*, 61 F.2d 1296, 1304 (5th Cir.), *cert. denied*, *Morejon-Pacheco v. United States*, 449 U.S. 827 (1980); *United States v. Cadena*, 582 F.2d 1252, 1263 n. 26 (5th Cir. 1978).

8.

Even if someone had given some form of legal consent to the search of the Wade Residence, the search conducted pursuant to that consent was revoked, withdrawn and unlawful in that it exceeded the scope of said consent. *Walter v.*

*United States*, 447 U.S. 649 (1980); *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979); *United States v. Rackley*, 742 F.2d 1266, 1270-71 (11th Cir. 1984).

9.

The search was unlawfully conducted without a proper search warrant. There was no probable cause, exigent circumstances or other legal justification under the totality of the circumstances authorizing the search without fulfilling the requirement of obtaining a proper search warrant. *United States v. Ross*, 456 U.S. 798, 808 (1982); *Carroll v. United States*, 267 U.S. 132, 161-62 (1925); *United States v. Tovar-Rico*, 61 F.3d 1529 (11th Cir. 1995).

10.

The search of the Wade Residence was in violation of the Fourth Amendment to the Constitution of the United States of America and Article I, Section I, Paragraph XIII of the Constitution of the State of Georgia. These constitutional provisions protect and secure the people against unreasonable searches and seizures.

11.

The Government has the burden of proving the legality of the search and seizure and any exigent circumstances relied upon to justify the search. Under the facts of this case, the Court should review the Government's factual contentions with great skepticism because of the massive intrusion on Wade' Fourth Amendment rights. *Coolidge v. New Hampshire*, 403 U.S. 443 (1971); *United States v. Holloway*,

290 F.3d 1331 (11th Cir. 2002); *United States v. Tovar-Rico*, 61 F.3d 1529 (11th Cir. 1995); *Bumper, supra*; *United States v. Bowles*, 625 F.2d 526 (5th Cir. 1980).

12.

Government agents obtained data and information from a GPS system that it intends to use as evidence against Wade. This data and information were illegally obtained and are wholly unreliable as evidence.

13.

A pre-trial hearing on these motions would serve the interests of the Court, Wade, the Government, justice and judicial economy because the Court's pretrial ruling on this motion may well facilitate a disposition of the charges against Wade.

**WHEREFORE** Defendant JOHN WESLEY WADE, prays for an evidentiary hearing on these Motion and demands that the GPS evidence obtained and the evidence obtained by virtue of the aforementioned illegal search and seizure be suppressed.  The United States Attorney, her agents and any other witnesses called by the Government to testify against Wade in this case should be enjoined from mentioning, alluding to, identifying, or otherwise calling the attention of the jury to the existence of said evidence.

Respectfully submitted,

/s/ *Leif A. Howard*

Leif A. Howard
Attorney for Defendant WADE
Georgia Bar No. 132778

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 3084
(770) 270-5080

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing *Defendant Wade's Motion to Suppress GPS Evidence and Physical Evidence Seized in Unlawful Search and Brief in Support* with the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send e-mail notification of such filing to the following opposing attorney of record:

>Bret Hobson, Esq.
>Assistant United States Attorney
>Suite 600, Richard B. Russell Building
>75 Ted Turner Drive, SW
>Atlanta, Georgia 30303
>Bret.hobson@usdoj.gov

This 17th day of May, 2021.

/s/ *Leif A. Howard*

Leif A. Howard
Attorney for Defendant WADE
Georgia Bar No. 132778

THE HOWARD LAW FIRM, P.C.
Suite 200, Kyleif Center
1479 Brockett Road
Tucker, Georgia 3084
(770) 270-5080
Lhoward@howardfirm.com